UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOVETTA DAVIS, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:20-CV-1672 RLW |
| v. ) | |
| ) | |
| ALS EXPRESS TRUCKING, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on multiple filings by the parties. For the following reasons, the Court finds several attorney filing errors in these filings and therefore does not wait for responses and replies but instead will issue immediate rulings.

On April 6, 2021, Defendant ALS Express Trucking, Inc. ("ALS") filed a Motion to Dismiss or Alternatively to Strike Count V of Plaintiffs' Complaint (ECF No. 16), and an Answer to the other counts (ECF No. 19). Defendant Sargsyan filed an Answer to the Complaint (ECF No. 20.) Both Defendants' Answers assert affirmative defenses but no counterclaim. On April 16, 2021, Plaintiffs filed Responses to the Defendants' Affirmative Defenses (ECF Nos. 22, 23). On the same day, Plaintiffs filed a Motion for Leave to File First Amended Complaint and submitted a proposed First Amended Complaint that omits Count V.

Defendants' Second Motion to Strike

Also on April 16, 2021, Defendant ALS filed a second Motion to Strike or Alternatively for More Definite Statement directed to Plaintiffs' Complaint (ECF No. 25). The Motion seeks to strike from the Complaint (1) allegations that Defendant ALS "breached certain 'duties' based on broad references to sections of the Code of Federal Regulations," and (2) Plaintiffs' claim for

punitive damages as being pleaded in violation of a Missouri statute. The Motion is not accompanied by a Memorandum in Support as required by Local Rule 4.01(A).

The Motion to Strike is accompanied by two exhibits that do not comply with the Court's requirement that all attachments to filings include both an exhibit designation (e.g., Ex. A), and a brief description of the exhibit (e.g., Smith Affidavit). See CM/ECF Procedures Manual, § II.F., and the instructions in red text on each filing screen. By Order of April 7, 2021, the Court notified counsel of this filing requirement and specifically cautioned, "Failure to comply in future may result in the Court striking nonconforming filings for attorney error." (ECF No. 18 at 2.) Defendant ALS's second Motion to Strike or Alternatively for More Definite Statement will be stricken from the record for attorney filing error.

Defendant ALS is advised that it may not file serial motions to strike directed to a pleading. All grounds asserted in support of striking a pleading must be contained within a single motion. Should Defendant ALS choose to renew the arguments contained in its second motion to strike, any new motion must be accompanied by a separate memorandum that cites relevant supporting legal authority. Among other things, Defendant ALS must cite authority to establish that the Missouri statute it seeks to invoke in federal court is substantive rather than procedural. See Keller Farms, Inc. v. McGarity Flying Serv., LLC, 994 F.3d 975, 979 (8th Cir. 2019) ("This is a diversity case arising out of Missouri. As such, 'we apply state substantive law and federal procedural law.'").

Plaintiffs' Responses to Defendants' Affirmative Defenses

As stated above, Plaintiffs filed Responses to the Defendants' Affirmative Defenses (ECF Nos. 22, 23). Pleadings generally close when there is a responsive pleading to a complaint; in other words, when an answer is filed. See James Wm. Moore, et al., Moore's Federal Practice

2

§ 7.02[7](a) (3d ed. 2018). "All defenses and allegations in the last such responsive pleading are deemed to be denied, including affirmative defenses." Id. See also Rule 8(b)(6), Fed. R. Civ. P. ("If a responsive pleading is not required, an allegation is considered denied or avoided.").

Federal Rule of Civil Procedure 7(a) provides:

Only these pleadings are allowed:

(1) a complaint;
(2) an answer to a complaint;
(3) an answer to a counterclaim designated as a counterclaim;
(4) an answer to a crossclaim;
(5) a third-party complaint;
(6) an answer to a third-party complaint; and
(7) if the court orders one, a reply to an answer.

Here, Plaintiffs filed a Complaint and Defendants filed Answers. While Defendants raised certain affirmative defenses, they did not assert any counterclaims. As a result, there could be no "answer to a counterclaim." Further, the Court did not order a "reply to an answer." An answer to an affirmative defense is not appropriate or needed because the affirmative defenses are deemed denied under Rule 8(b)(6). In short, the Responses filed by Plaintiffs to Defendants' affirmative defenses are not allowed by Federal Rule of Civil Procedure 7(a) and will be stricken from the record for filing error.

Plaintiffs' Motion for Leave to File Amended Complaint

The Court now turns to Plaintiffs' Motion for Leave of Court to File First Amended Complaint (ECF No. 24). The Motion for Leave does not cite to any procedural rule that authorizes its filing. Under Rule 15(a)(1)(B), Fed. R. Civ. P., Plaintiffs do not need leave of Court to amend and may file their First Amended Complaint as a matter of course, because this

is their first amendment and it was filed within twenty-one days after service of the first motion under Rule 12(b).

Consequently, the Court will deny Plaintiff's Motion for Leave as moot and direct the Clerk of the Court to detach and docket the First Amended Complaint as of the date the Motion for Leave was filed. The First Amended Complaint supersedes the original Complaint and renders it without legal effect. See In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000). As a result, pending motions pertaining to the original Complaint should be denied as moot, see Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002), without prejudice to the filing of motions concerning the First Amended Complaint. Defendants' Motion to Dismiss or Alternatively to Strike Count V of Plaintiffs' Complaint (ECF No. 16) will be denied as moot, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants ALS Express Trucking, Inc.'s Motion to Strike and/or Dismiss Allegations in Plaintiffs' Complaint or, Alternatively, for a More Definite Statement (ECF No. 25), is **STRICKEN** from the record for attorney filing error and the Clerk shall delete it from the record.

**IT IS FURTHER ORDERED** that Plaintiffs' Responses to the Defendants' Affirmative Defenses (ECF Nos. 22, 23) are **STRICKEN** from the record for attorney filing error and the Clerk shall delete these from the record.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave of Court to File First Amended Complaint (ECF No. 24) is **DENIED as moot**. The Clerk shall detach Plaintiffs' First Amended Complaint, which was submitted as an attachment to the Motion for Leave, and docket it as of April 16, 2021.

4

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss or Alternatively to Strike Count V of Plaintiffs' Complaint (ECF No. 16) is **DENIED as moot**, without prejudice.

*[Signature]*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 19th day of April, 2021.