# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOVETTA DAVIS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1672 RLW |
| | ) | |
| ALS EXPRESS TRUCKING, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| RUTH RONDON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 4:21-CV-362 JAR |
| v. | ) | |
| | ) | |
| ALS EXPRESS TRUCKING, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Consolidate. (ECF No. 39). Plaintiffs seek to consolidate the cases for discovery and pretrial purposes only. *Id*. Defendants have filed their own motion to consolidate (ECF No. 40) but seek to consolidate the cases for *all* proceedings. Neither party has filed an opposition. After careful consideration of the motion papers, the Court will grant in part Plaintiff's Motion to Consolidate.

## BACKGROUND

The First Amended Complaint alleges that on June 22, 2017, Plaintiff Will Davis was driving a 2017 Ford Fusion westbound on Interstate 44. (ECF No. 28). Plaintiff Jovetta Davis was in the front passenger seat. *Id*. Ruth Rondon and David Herring were in the rear seats of the vehicle. *Id*. Plaintiffs contend that Defendant Sargsyan—an agent, servant, and/or employee of Defendant

ALS Express—caused the front of the Kenworth Truck he was operating to strike the rear of the Ford Fusion, resulting in injuries to Plaintiffs. *Id*.

Plaintiffs filed their Complaint on November 25, 2020 (ECF No. 1), followed by a First Amended Complaint on April 16, 2021. (ECF No. 28). Plaintiffs allege negligence against Defendant Sargsyan and vicarious liability against Defendant ALS Express. *Id*. Passengers Ruth Rondon and David Herring filed a separate matter, cause number 4:21-CV-362-JAR, on March 23, 2021. Rondon and Herring also allege negligence against Defendant Sargsyan and vicarious liability against Defendant ALS Express.

## LEGAL STANDARD

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidation of cases and states: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all maters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Under Local Rule 4.03, the party seeking consolidation must file the motion in the case with the lowest cause number.

A district court has broad discretion in determining whether to order consolidation. *Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). "The threshold issue is whether the proceedings involve a common party and common issues of fact or law. The mere existence of common issues, however, does not mandate the cases be joined." *A.O.A. v. Doe Run Res. Corp.*, No. 4:11-CV-44 CDP, 2016 WL 1182631, at *2 (E.D. Mo. Mar. 28, 2016) (citation omitted). "The party seeking consolidation has the burden of showing the commonality of factual and legal issues, and the Court must examine 'the special underlying facts' with 'close attention' before ordering consolidation." *PB & J Software, LLC v. Acronis, Inc.*, No. 4:12-CV-690 SNLJ, 2012 WL 4815132, at *2 (E.D. Mo. Oct. 10, 2012) (quoting *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993)).

The purpose of consolidation is to promote convenience and economy in the administration of actions. *Saettele*, 21 F.3d at 235 (citation omitted). Consolidation is not appropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party. *E.E.O.C. v. HEE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

## DISCUSSION

The Court finds that this action and the *Rondon* action involve common questions of law and fact. Both cases arise from the June 22, 2017 collision between the 2017 Ford Fusion and the Kenworth Truck. All plaintiffs were together in the Ford Fusion. Both Complaints make similar factual allegations and assert the same causes of action.[1] Further, ALS Express and Levon Sargsyan are defendants in both matters. Even so, the Court acknowledges that the plaintiffs in each action allege distinct injuries that may impact the determination of damages in these cases.

For these reasons, and because neither party opposes consolidation, the Court finds that coordination of discovery between the two cases is appropriate. Combined discovery will permit judicial economy and will conserve resources among the parties. Consolidation of discovery will also limit the potential for inconsistent application of discovery rules. The Court does not find, however, that consolidation of trials or pretrial matters is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Consolidate (ECF No. 39) is **GRANTED in part** and **DENIED in part**. All future documents relating to discovery shall be filed in 4:20-CV-1672-RLW and all discovery shall be completed in accordance with the deadlines in 4:20-CV-1672-RLW.

---

[1] The Court further notes that the attorneys of record are the same in both actions.

**IT IS FURTHER ORDERED** that this Order shall be filed in 4:21-CV-362-JAR, as well as the instant case.

**IT IS FURTHER ORDERED** that Defendants' Motion to Consolidate (ECF No. 40) is **DENIED** without prejudice.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of August, 2021.