# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOVETTA DAVIS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ALS EXPRESS TRUCKING, INC., et al., )<br>)<br>Defendants. ) | No. 4:20-CV-1672 RLW |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant ALS Express Trucking, Inc.'s ("ALS Express") Motion to Strike and/or Dismiss Allegations in Plaintiffs' Second Amended Complaint. (ECF No. 7). Plaintiffs Jovetta Davis and Will Davis, Jr. have not filed a response and the time to do so has passed. For the reasons below, the Court will deny Defendant's motion.

## BACKGROUND

Plaintiffs' Second Amended Complaint alleges that on June 22, 2017, Plaintiff Will Davis was driving a 2017 Ford Fusion westbound on Interstate 44. (ECF No. 67, ¶ 17). Plaintiff Jovetta Davis was in the front passenger seat. *Id.* at ¶ 18. Plaintiffs contend that Defendant Sargsyan—an alleged agent, servant, and/or employee of Defendant ALS Express (*Id.* at ¶¶ 14-16, 22)—caused the front of the Kenworth Truck he was operating to strike the rear of the Ford Fusion, resulting in injuries to Plaintiffs. *Id.* at ¶¶ 21-22.

Plaintiffs allege negligence against Defendant Sargsyan and vicarious liability against Defendant ALS Express. *Id.* at ¶¶ 27-74. Backseat passengers Ruth Rondon and David Herring filed a separate matter, cause number 4:21-CV-362-JAR, on March 23, 2021. *See* 4:21-CV-362 JAR. That matter settled on May 23, 2022. *Id.*

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," either on its own or on a motion by a party. "Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). "Striking a party's pleading, however, is an extreme and disfavored measure." *Id.*

**DISCUSSION**

Defendant ALS Express moves to strike certain allegations in Plaintiffs' Second Amended Complaint that Defendant argues violate Mo. Rev. Stat. § 510.261(5), which states: "No initial pleading in a civil action shall contain a claim for a punitive damage award. Any later pleading containing a claim for a punitive damage award may be filed only with leave of the court."[1] Defendant argues that the requirements of the statute are substantive, not procedural, and therefore apply to this diversity action. (ECF No. 73).

The Eighth Circuit has not addressed whether Mo. Rev. Stat. § 510.261(5) applies in federal court proceedings. *Gaydos v. Gully Transportation, Inc.*, No. 4:21-CV-388-SPM, 2021 WL 4963523, at *2 (E.D. Mo. Oct. 26, 2021). But district courts in the 8th Circuit have consistently held that it does not. *See id.*; *Bartek v. Lawrence*, No. 4:21-CV-01070, 2021 WL 4523075, at *1 (E.D. Mo. Oct. 1, 2021); *Anderson v. R.J. Reynolds Tobacco Co.*, No. 4:20-CV-01610-MTS, 2021 WL 352165, at *7 (E.D. Mo. Aug. 11, 2021); *Rardon v. Falcon Safety Prod., Inc.*, No. 20-6165-CV-SJ-BP, 2021 WL 2008923, at *13 (W.D. Mo. May 4, 2021); *Kilburn v. Autosport Acquisitions, LLC*, No. 1:20-CV-211, 2021 WL 307550, at *1-2 (E.D. Mo. Jan. 29, 2021).

---

[1] Section 510.261(5) applies to all Missouri claims filed on or after August 28, 2020. Mo. Rev. Stat. § 510.261(5). Plaintiffs filed this diversity action on November 25, 2020. (ECF No. 1).

In *Gaydos*, the defendants moved to strike allegations relating to punitive damages because the plaintiff had not sought leave as required by Mo. Rev. Stat. § 510.216(5). *Gaydos*, 2021 WL 4963523, at *1. Taking guidance from the *Kilburn* decision, the *Gaydos* court looked to *Shady Grove Orthopedic Associates., P.A. v. Allstate Insurance Company,* 559 U.S. 393 (2010). In *Shady Grove*, the Supreme Court found that a "federal court exercising diversity jurisdiction should not apply a state law or rule if (1) a Federal Rule of Civil Procedure 'answer[s] the same question' as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act." *Id.* (cleaned up). "Courts need not wade into *Erie*'s murky waters when the Federal Rule satisfies both requirements." *Id.* (citing *Kilburn*, 2021 WL 307550, at *2 and *Shady Grove*, 559 U.S. at 398) (internal quotation marks omitted).

The Court is persuaded by the reasoning in both *Gaydos* and *Kilburn* that Mo. Rev. Stat. § 510.216(5) and Fed. R. Civ. P. 8 answer the same question in opposite ways. Section 510.216(5) prohibits a claim of punitive damages while Rule 8 requires a claim of punitive damages if a plaintiff seeks such relief. *Id.* at *2.

The Court is also persuaded that Rule 8 is procedural and valid under the Rules Enabling Act, which empowers the Supreme Court to prescribe general rules of practice and procedure so long as those rules do not abridge, enlarge or modify any substantive right. *Kilburn*, 2021 WL 307550, at *2 (citing 28 U.S.C. § 2072(a)) (quotation marks omitted). A rule is considered procedural if it "really regulates procedure[.]" *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941). Because Rule 8 governs the pleading standard and content of a complaint, it clearly regulates procedure and is valid under the Rules Enabling Act. *Kilburn*, 2021 WL 307550, at *2.

The Court disagrees with Defendant that § 510.216(5) and Rule 8 do not conflict. As explained in *Gaydos*, Rule 8(a) requires, among other things, "a short and plain statement of the

3

claim showing that the pleader is entitled to relief[.]" Thus, if a plaintiff intends to seek punitive damages in a case, Rule 8 requires the plaintiff to include a short and plain statement showing that the plaintiff is entitled to such damages. *Id.* But under Mo. Rev. Stat. § 510.261(5), the same plaintiff cannot include a request for punitive damages without first obtaining leave of the court. *Id.* Simply put, Rule 8 permits what Mo. Rev. Stat. § 510.216(5) prohibits.

## CONCLUSION

For the foregoing reasons, the Court finds that Federal Rule of Civil Procedure 8, not Mo. Rev. Stat. § 510.261(5), governs the pleading requirements in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant ALS Express Trucking, Inc.'s Motion to Strike and/or Dismiss Allegations in Plaintiffs' Second Amended Complaint (ECF No. 72) is **DENIED**.

*/s/ Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 8th day of August, 2022.